IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Elaine Sellers, ) | |
| ) | Civil Action No. 5:10-2568-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| JC Penney Corporation, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

On August 31, 2010, Plaintiff Elaine Sellers filed an action in the Court of Common Pleas for the County of Orangeburg, South Carolina, alleging that Defendant JC Penney Corporation, Inc. ("JCPenney") negligently maintained its premises, causing her to suffer injuries. ECF No. 1-1 at 4-5. Defendant removed the case to this Court on October 1, 2010. ECF No. 1 at 2. Plaintiff filed an amended complaint on November 30, 2010. ECF No. 16. Plaintiff claims that she "was entering the Defendant's store [in Orangeburg] when she stepped upon a frayed and torn mat at the entrance of the store and fell." *Id.* at 1. Plaintiff alleges that Defendant was "negligent, willful, wanton, careless and grossly negligent" in permitting a "warn [sic] and torn floor mat to be placed in the entrance to its establishment," failing to warn Plaintiff of this condition, or failing to remove and/or correct the condition of the mat. *Id.* at 2. Plaintiff further alleges that this negligence was the direct and proximate cause of her injuries. *Id.* On August 1, 2011, Defendant filed a motion for summary judgment. ECF No. 23. Plaintiff filed a response in opposition on August 24, 2011. ECF No. 24. Defendant filed a reply on September 9, 2011. ECF No. 27. The Court held a hearing on Defendant's motion for summary judgment on October 5, 2011.

1

**FACTS**

The facts, as stated by Plaintiff in her deposition, are as follows. Plaintiff entered the JCPenney store through the mall entrance. ECF No. 24-1 at 4. Plaintiff was walking with a cane, and her granddaughters were walking beside her. *Id.* at 10. There was a rug or floor mat at the entrance, a "[b]lack rubber something" that covered the entire width of the entrance. *Id.* at 5-8. The floor mat was inside the JCPenney store, "right at the door." *Id.* at 11-12. There was "a tear in the rug," and Plaintiff's "shoe just got tangled, and it pulled [her] shoe off." *Id.* at 9. Plaintiff "started stumbling," and "fell over the clothes rack." *Id.* at 4. A cashier brought Plaintiff a chair and helped her into it. *Id.* at 16-17. A store manager and a mall security guard came to help Plaintiff. *Id.* at 17-18. Plaintiff could see the tear in the rug from where she was sitting, and pointed this out to the manager, stating that "[t]hat rug is tore [sic] over there." *Id.* at 18-19.

**STANDARD OF REVIEW**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121,

123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). "All that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (quotation omitted).

## DISCUSSION

A.  **Plaintiff Has Produced Evidence Sufficient to Show that a Dangerous Condition Existed.**

Defendant argues that summary judgment is warranted because Plaintiff's sworn testimony establishing that a rug was present at the JCPenney entrance is too "implausible" or "speculative" to create a genuine issue of material fact. As a JCPenney employee testifies, and as a photograph reveals, the mall is carpeted and the JCPenney store has a tile floor. ECF No. 23-2 at 7 & 13. A metal transition strip separates the two surfaces. Calvin Tucker, the manager of the Orangeburg JCPenney store at the time of Plaintiff's fall, testifies that "[a]t no time during my tenure at the JCPenney in Orangeburg did we ever place rugs at the mall entrance," and that "as a long-time JCPenney associate, it has been my experience that rugs are not placed at the mall entrance of JCPenney retail locations." ECF No. 27-1 at 1-2. Defendant argues that because "stores place mats at [their] entrances to protect [their] customers from slipping on outside elements, such as moisture, that are commonly tracked in from outside," if "a store entrance is connected to a carpeted, interior entryway that is not exposed to outside elements, a mat or rug is not needed." ECF No. 23-1 at 6. A "Customer Claim Accident / Incident Report"

3

completed by Mr. Tucker after Plaintiff's accident describes the "Customer version" of the accident as stating that Plaintiff "triped [sic] over the carpet transition strip coming from the mall." ECF No. 23-2 at 9. Additionally, a photograph allegedly taken immediately after the accident shows no rug or mat at the store entrance. ECF No. 23-1 at 6; ECF No. 23-3 at 13.

Defendant asserts that "where testimony relied upon by a plaintiff to establish liability is inconsistent with incontrovertible physical facts or is contrary to common knowledge, such testimony lacks probative value, and therefore, a genuine issue of material fact cannot exist." ECF No. 23-1 at 5; *see Still v. Hampton and Branchville R.R.*, 189 S.E.2d 15, 19-20 (S.C. 1964). Contrary to Defendant's assertion, there is no "common knowledge" or "incontrovertible physical fact" contradicting Plaintiff's testimony. Although Defendant provides an explanation as to why a rug or mat is unnecessary at the interior mall entrance of a store, "common knowledge" does not demonstrate that no store would ever place a rug in such a place.

Furthermore, Defendant's evidence does not establish any "incontrovertible physical fact." Defendant's photograph, purportedly taken immediately after the accident and showing the absence of any rug, is probative only if a jury believes that the photograph was taken at the stated time and that a rug was not simply removed before taking the photograph. Defendant's accident report, which states that Plaintiff originally claimed to have tripped over the transition strip at the threshold of the JCPenney store, is probative only if a jury believes that the JCPenney manager accurately characterized Plaintiff's statement in the report. Similarly, the weight of Mr. Tucker's testimony regarding the absence of rugs at JCPenney mall entrances depends on his credibility.

Defendant also argues that "Plaintiff has adduced no evidence beyond speculation to establish a mat or rug existed on the floor prior to her fall." ECF No. 23-1 at 7. Defendant is

4

correct that Plaintiff has not produced evidence beyond her testimony establishing the existence of a rug. However, Plaintiff's testimony is not "speculation"; rather, Plaintiff directly states in a sworn deposition that she saw, and tripped over, a torn rug. Plaintiff's testimony is sufficient to establish the existence of a genuine dispute as to a material fact. The court may not weigh the evidence or resolve factual disputes. Accordingly, summary judgment is not appropriate on this ground.

**B.     Plaintiff Has Not Produced Evidence Sufficient to Show that Defendant Was Negligent.**

Defendant further contends that summary judgment is warranted because Plaintiff has produced no evidence of Defendant's negligence. "A merchant is not an insurer of the safety of his customers, but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Cook v. Food Lion*, 491 S.E.2d 690, 691 (S.C. 1997). "To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729 (S.C. 2001). If the injury was caused by a rug or mat placed on the floor by the storekeeper, a plaintiff may prove negligence by showing that the defendant created a potentially dangerous condition by its placement of the rug or mat, or that the defendant had notice of the dangerous condition prior to the plaintiff's fall. *Cook*, 491 S.E.2d at 691.

In *Cook*, the plaintiff tripped on a wrinkled floor mat near the exit of a Food Lion store. *Cook*, 491 S.E.2d at 691. Multiple Food Lion employees testified that the floor mats were frequently wrinkled or crumpled. *Id.* The *Cook* court held that because "Food Lion's employees

created the allegedly dangerous conditions by placing the mats by the exit doors," it was "not necessary for [the plaintiff] to show that Food Lion employees had notice that the floor mats were wrinkled or bunched immediately prior to [her] fall." *Id.* at 691-92. The *Cook* court did not hold that floor mats at the exit of a store are "dangerous conditions" per se; rather, the finding of dangerousness was based on the evidence in the record showing that the mats were frequently in a dangerous wrinkled state. In the present case, even assuming that Plaintiff is correct that there was a torn rug at the JCPenney entrance, Plaintiff has introduced no evidence showing that any JCPenney employee was aware of a tendency of such a purported rug to tear or otherwise become dangerous. Accordingly, Plaintiff cannot show that Defendant created a dangerous condition by the placement of a rug with a tendency to tear at its mall entrance.

Plaintiff similarly presents no evidence that any JCPenney employee had actual or constructive knowledge, or "notice," of a dangerous condition in the purported rug immediately prior to her fall. Plaintiff may not simply rely upon a presumption that if the rug was torn at the time of her fall, it was likely torn for some time beforehand and should have been observed by Defendant's employees. In *Wimberly v. Winn-Dixie Greenville, Inc.*, 165 S.E.2d 627, 629 (S.C. 1969), the South Carolina Supreme Court noted that "[n]o evidence [was] pointed out which reasonably tends to prove that the [dangerous condition] was on the floor at any particular time prior to [the plaintiff's] actual fall," and held that "[t]he jury should not be permitted to speculate that [the dangerous condition] was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it."

At oral argument, Plaintiff's counsel argued, for the first time, that because JCPenney sales associate Connie Portee was standing at a cash register with a view of the JCPenney mall entrance at the time of Plaintiff's fall, she had constructive notice of the alleged dangerous

condition. Ms. Portee testified in her deposition that she was assisting a customer at a cash register near the front of the store, where she could "see directly into the mall," at the time of Plaintiff's fall, and that she witnessed Plaintiff's fall. ECF No. 23-2 at 4-5. *Id.* at 4. Plaintiff has put forth no evidence showing that Ms. Portee remained at the cash register mentioned above for any length of time, or that Ms. Portee could have seen a tear in a rug at the store's mall entrance from her position, assuming that a rug was located on the floor as Plaintiff alleges. In the absence of any evidence, Plaintiff's speculation about what Ms. Portee may have seen cannot establish that Defendant had actual or constructive notice of a torn rug at the store's mall entrance.

## **CONCLUSION**

Plaintiff has not produced evidence sufficient to show that Defendant created a dangerous condition or had actual or constructive knowledge of such a condition. Accordingly, no reasonable jury could find that Defendant negligently maintained its premises. Defendant's motion for summary judgment is granted.

**IT IS ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
United States District Judge

Columbia, South Carolina
October 27, 2011